

FILED BY ____KS____ D.C.

Dec 7, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **21-20590-CR-WILLIAMS/MCALILEY**

18 U.S.C. § 1347
18 U.S.C. § 982(a)(7)

UNITED STATES OF AMERICA

vs.

ARMANDO VALDES,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

#### Commercial Insurance

1. United Healthcare ("United") was a commercial insurer which offered health insurance to individuals through employer-sponsored group plans.

2. United was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

3. Blue Cross Blue Shield ("Blue Cross") was a commercial insurer which offered health insurance to individuals through employer-sponsored group plans.

4. Blue Cross was a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

5. United and Blue Cross each often made payments directly to health care providers,

rather than to the beneficiaries who received the health care benefits, items, and services. This occurred when a provider accepted assignment of the right to payment from a beneficiary.

6. To obtain payment from United or Blue Cross for treatment or services provided to a beneficiary, health care providers had to submit itemized claim forms. The claim forms required certain important information, including: (a) the beneficiary's name and Health Insurance Claim Number or other identification number; (b) a description of the health care benefit, item, or service that was provided or supplied to the beneficiary; (c) the billing codes for the benefit, item, or service; (d) the date upon which the benefit, item, or service was provided or supplied to the beneficiary; and (e) the name of the referring physician or other health care provider, as well as a unique identifying number, known either as the Unique Physician Identification Number or National Provider Identifier.

7. When a provider submitted a claim form to United or Blue Cross, the provider certified that the contents of the form were true, correct, complete, and that the form was prepared in compliance with the applicable laws and regulations concerning the submission of health care claims. The provider also certified that the services being billed were medically necessary and were, in fact, provided as billed.

### The Defendant and Related Entities

8. Gasiel Medical Services, Corp. ("Gasiel Medical Services") was a Florida corporation located at 8900 Coral Way, Suite 203, Miami, Florida.

9. Urgent Care C II Corp. ("Urgent Care C II") was a Florida corporation located at 8900 Southwest 24th Street, Suite 203B, Miami, Florida.

10. Defendant **ARMANDO VALDES** was a resident of Miami-Dade County, Florida, and the beneficial owner and operator of Gasiel Medical Services and Urgent Care C II.

## COUNTS 1-10
## Health Care Fraud
## (18 U.S.C. § 1347)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around February 2015, and continuing through in or around July 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ARMANDO VALDES,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined by Title 18, United States Code, Section 24(b), that is, United and Blue Cross, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program.

### PURPOSE OF THE SCHEME AND ARTIFICE

3. It was a purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to health care benefit programs; (b) concealing the submission of false and fraudulent claims to health care benefit programs; (c) concealing the receipt of the fraud proceeds; and (d) diverting the fraud proceeds for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **ARMANDO VALDES** submitted and caused Gasiel Medical Services to submit false and fraudulent claims to United in the approximate amount of $33 million for infusions of Infliximab, and other benefits, items, and services, which were medically unnecessary and not provided as represented.

5. As a result of such false and fraudulent claims, United paid approximately $7 million to Gasiel Medical Services through its corporate bank account.

6. **ARMANDO VALDES** submitted and caused Gasiel Medical Services to submit false and fraudulent claims to Blue Cross in the approximate amount of $5 million for infusions of Infliximab, and other benefits, items, and services, which were medically unnecessary and not provided as represented.

7. As a result of such false and fraudulent claims, Blue Cross paid approximately $800,000 to Gasiel Medical Services through its corporate bank account.

8. **ARMANDO VALDES** and his accomplices used the proceeds of the fraud for their personal use and benefit, the use and benefit of others, and to further the fraud scheme.

## ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

9. On or about the dates set forth below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program, in that the defendant, through Gasiel Medical Services, caused the submission of false and fraudulent claims to United and Blue Cross, seeking reimbursement for the cost of Infliximab

4

infusions, as set forth below:

| Count | Approx. Date of Claim Submission | Beneficiary | Health Care Benefit Program | Claim Identification Number | Approx. Amount Claimed |
|---|---|---|---|---|---|
| 1 | January 6, 2017 | C.R. | United | 629327319001 | $12,000 |
| 2 | January 9, 2017 | I.F. | United | 629698465001 | $12,000 |
| 3 | January 31, 2017 | G.P. | United | 633320439401 | $12,000 |
| 4 | January 4, 2018 | G.P. | United | 689098466301 | $12,000 |
| 5 | May 9, 2018 | M.C. | United | 712524894501 | $16,000 |
| 6 | July 27, 2018 | I.F. | Blue Cross | H100000684447625 | $20,000 |
| 7 | March 14, 2019 | C.R. | Blue Cross | H100000729625830 | $20,000 |
| 8 | April 16, 2020 | M.C. | United | CA4951251901 | $16,000 |
| 9 | June 11, 2020 | V.R. | United | CC3444826201 | $16,000 |
| 10 | May 17, 2021 | V.R. | United | CQ9420665101 | $20,000 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## **FORFEITURE ALLEGATIONS**

1.  The allegations contained in this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ARMANDO VALDES**, has an interest.

2.  Upon conviction of a violation of Title 18, United States Code, Section 1347, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3.  The property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following:

a. up to and including $408,842.67 in U.S. currency on deposit in account number 6920720460 at Wells Fargo Bank, held in the name of Gasiel Medical Services, Corp., d/b/a Gasiel Urgent Care;

b. up to and including $897,123.75 in U.S. currency on deposit in account number 7920632119 at Wells Fargo Bank, held in the name of Gasiel Medical Services, Corp., d/b/a Gasiel Urgent Care;

c. up to and including $152,869.36 in U.S. currency on deposit in account number 1010201852350 at Wells Fargo Bank, held in the name of Armando Valdes;

d. up to and including $241,792.84 in U.S. currency on deposit in account number 435-8066623 at TD Bank, held in the name of MIHR Urgent Care, Corp.;

e. real property located at 730 N. Ocean Blvd., #505, Pompano Beach, Florida 33062;

f. real property located at 19302 Elston Way, Estero, Florida 33928;

g. real property located at 2960 N.E. 207th Street, #1114, Aventura, Florida 33180;

h. real properties located at 3574 and 3566 Lakeview Drive, Sebring, Florida 33870;

i. 2018 White Cadillac Escalade, bearing vehicle identification number (VIN) 1GYS3DKJ0JR384995; and

j. 2016 Tesla Model S, bearing vehicle identification number (VIN) 5YJSA1E28GF175145.

4.  If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with a third party;

    (c)  has been placed beyond the jurisdiction of the Court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p). Such substitute property includes, but is not limited to, real property located at 15618 S.W. 14th Street, Miami, Florida, 33194.

[THIS SPACE INTENTIONALLY LEFT BLANK]

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

_____
FOREPERSON

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

MICHAEL B. HOMER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ARMANDO VALDES,

        Defendant.        /

CASE NO. _____

**CERTIFICATE OF TRIAL ATTORNEY***

Superseding Case Information:

**Court Division:** (Select One)

☑ Miami    ☐ Key West    ☐ FTL
☐ WPB    ☐ FTP

New defendant(s)    ☐ Yes    ☐ No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **Yes**
    List language and/or dialect **Spanish**

4. This case will take **4** days for the parties to try.

5. Please check appropriate category and type of offense listed below:

    (Check only one)
    I    0 to 5 days    ☑
    II    6 to 10 days    ☐
    III    11 to 20 days    ☐
    IV    21 to 60 days    ☐
    V    61 days and over    ☐

    (Check only one)
    Petty    ☐
    Minor    ☐
    Misdemeanor    ☐
    Felony    ☑

6. Has this case previously been filed in this District Court? (Yes or No) **No**
    If yes: Judge _____ Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter? (Yes or No) **No**
    If yes: Magistrate Case No. _____
    Related miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the District of _____
    Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Michael B. Homer
Assistant United States Attorney
Court ID No.    A5502497

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ARMANDO VALDES

**Case No:** _____

Counts #: 1-10

Health Care Fraud

Title 18, United States Code, Section 1347

**\*Max. Penalty:** Ten (10) Years Imprisonment per Count

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.